**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

GERALD A. LESSARD JR. and ALISON LESSARD
26 Ridge Road
Telford, PA 18969

and

ROBERT R. KING, IV
212 Newington Drive
Hatboro, PA 19040

Plaintiffs,

v.

PARADIGM AEROSPACE CORPORATION
226 Airport Road
Mount Pleasant, PA 15666

and

PAC INTERNATIONAL PARADIGM AEROSPACE CORPORATION A METRO AVIATION CORPORATION
226 Airport Road
Mount Pleasant, PA 15666

and

TMC INTERNATIONAL USA, INC.
226 Airport Road
Mount Pleasant, PA 15666

and

METRO AVIATION CORPORATION
226 Airport Road
Mount Pleasant, PA 15666

and

Civil Action No.

TRIPLE M LEASING LLC
124 Hawn Avenue
Shreveport, Louisiana 71107

Defendants.

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332(a), 1441(b) and 1446, as well as the fraudulent joinder doctrine, defendants Metro Aviation, Inc.; Paradigm Aviation, Inc.; Paradigm Aerospace Corporation; PAC International; and Triple M Leasing, LLC (collectively, "Removing Defendants"), remove this civil action from the Court of Common Pleas of Philadelphia County, Pennsylvania, because Plaintiffs and the properly joined defendants are of diverse citizenship and the amount in controversy exceeds the jurisdictional minimum. As a short and plain statement of the grounds for removal, Removing Defendants state the following:

**PLAINTIFFS' CLAIMS**

1. Plaintiffs filed the Complaint in this action, a copy of which is attached as Exhibit 1, in the Court of Common Pleas of Philadelphia County on August 19, 2026.

2. Plaintiff King piloted a helicopter (the "Subject Aircraft") on a medical flight on May 19, 2025. *See* Complaint ¶ 21.

3. Plaintiff Gerald Lessard was a paramedic on the flight. *See* Complaint ¶ 24.

4. The helicopter made an emergency landing due to a mechanical failure. *See* Complaint ¶¶ 29-36.

5. Plaintiffs King and Gerald Lessard allege that they suffered injuries as a result of the emergency landing. *See* Complaint ¶¶ 48-51.

6. Plaintiffs brings claims for negligence (Count I), strict products liability (Count II) and negligent infliction of emotional distress (Count III). Plaintiff Alison Lessard also brings a claim for loss of consortium (Count IV).

## DIVERSITY JURISDICTION

7. This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(a), which provides, in relevant part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

### CITIZENSHIP

#### Plaintiffs

8. Plaintiffs are citizens of Pennsylvania. *See* Complaint ¶¶ 2-3.

#### Metro Aviation, Inc.[1]

9. Defendant Metro Aviation, Inc. ("Metro"), is a corporation organized and existing under the laws of Louisiana with its principal place of business located in Louisiana. *See* Declaration of Kenneth Morrow (Morrow Decl.) at ¶ 22 (attached as Exhibit 2). *See also* Complaint ¶ 11 (alleging that Metro is a Louisiana corporation with principal place of business in Louisiana). Metro, therefore, is a citizen of Louisiana. *See* 28 U.S.C. § 1332(c)(1).

[1] Plaintiffs identify Metro Aviation, Inc. as a defendant in the text of their Complaint (paragraph 11), but incorrectly identify it as "Metro Aviation Corporation" in the caption of their Complaint.

Paradigm Aviation, Inc.[2]

10. Defendant Paradigm Aviation, Inc. ("PAI"), is a corporation organized and existing under the laws of Louisiana with its principal place of business located in Louisiana. *See* Morrow Decl. at ¶ 23. *See also* Complaint ¶ 9 (alleging that PAI is a Louisiana corporation with principal place of business in Louisiana). PAI, therefore, is a citizen of Louisiana. *See* 28 U.S.C. § 1332(c)(1).

Paradigm Aerospace Corporation

11. Defendant Paradigm Aerospace Corporation is a fictitious name. *See* Morrow Decl. at ¶ 24 and Pennsylvania Fictitious Name Filing No. 4129039 (attached as Exhibit 7). *See also* Complaint ¶ 7 (alleging that Paradigm Aerospace Corporation is a fictitious name).

12. "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

13. The Court, therefore, must disregard the citizenship of Paradigm Aerospace Corporation.

14. In any event, PAI owns the fictitious name Paradigm Aerospace Corporation. *See* Morrow Decl. at ¶ 24 and Pennsylvania Fictitious Name Filing No. 4129039. *See also* Complaint ¶ 10 (alleging that PAI owns Paradigm Aerospace Corporation). As discussed above, PAI is a citizen of Louisiana.

---

[2] Plaintiffs refer to Paradigm Aviation, Inc. as a defendant in the text of their Complaint (paragraph 10), but do not include Paradigm Aviation, Inc. in the caption of their Complaint. For purposes of this notice, Removing Defendants assume that Plaintiffs intended to name Paradigm Aviation, Inc. as a defendant even though the corporation is not included in the caption.

<u>PAC International</u>

15. Defendant PAC International (incorrectly identified in the complaint as "PAC International Paradigm Aerospace Corporation a Metro Aviation Corporation") is a fictitious name. *See* Morrow Decl. at ¶ 25 and Pennsylvania Fictitious Name Filing No. 4126851 (attached as Exhibit 8).

16. "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

17. The Court, therefore, must disregard the citizenship of PAC International.

18. In any event, PAI owns the fictitious name PAC International. *See* Morrow Decl. at ¶ 25 and Pennsylvania Fictitious Name Filing No. 4126851. As discussed above, PAI is a citizen of Louisiana.

<u>Triple M Leasing, LLC</u>

19. Defendant Triple M Leasing, LLC ("Triple M") is a Louisiana limited liability company. *See* Morrow Decl. at ¶ 18. *See also* Complaint ¶ 12 (alleging that Triple M is a Louisiana limited liability company).

20. For purposes of diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010).

21. The members of Triple M are three individuals: Kenneth Morrow, Milton K. Geltz and Thomas M. Stanberry. *See* Morrow Decl. at ¶ 20.

22. Kenneth Morrow, Milton K. Geltz and Thomas M. Stanberry are citizens of Louisiana. *See* Morrow Decl. at ¶ 21.

23. Triple M, therefore, is a citizen of Louisiana.

Fraudulent Joinder of Defendant TMC International USA, Inc.

24. Plaintiffs contend that defendant TMC International USA, Inc. ("TMC") is a Pennsylvania corporation with its principal place of business located in Pennsylvania. *See* Complaint ¶ 5. According to Plaintiffs, then, TMC is a citizen of Pennsylvania.

25. According to the Delaware Department of State Division of Corporations, however, TMC is a Delaware domestic corporation in good standing that filed an annual report as recently as 2025. *See* Delaware Record to Entity No. 3127088 (attached as Exhibit 3).

26. But even assuming as true Plaintiffs allegation that TMC is a citizen of Pennsylvania, the Court must disregard the citizenship of TMC because TMC is an improperly named defendant.

27. "In a suit with named defendants who are not of diverse citizenship from the plaintiff, the diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction. [T]his court has held that joinder is fraudulent if 'there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006) (*quoting Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)).

28. "A finding of fraudulent joinder permits the district court to disregard the citizenship of such non-diverse . . . defendants, assume jurisdiction over the action, dismiss any such fraudulently joined defendants, and retain jurisdiction over the case." *Moore v. Johnson & Johnson*, 907 F. Supp. 2d 646, 662 (E.D. Pa. 2012).

29. Here, there is no possibility that Plaintiffs will be able to establish a cause of action against TMC because TMC sold the repair facility at issue in this case to PAI in 2012 and has not been present at and has performed no work at the facility for more than a decade. Specifically:

a. PAI operates a Certified Repair Station with Certificate Number GS1R177K located at 226 Airport Road in Mount Pleasant, Pennsylvania (the "Station"), *see* Morrow Decl. at ¶ 3.

b. In 2012, PAI purchased certain assets of Paradigm Aerospace Corporation and TMC, *see id*. at ¶ 5.

c. The Station was one of the assets that PAI purchased from TMC, *see id*. at ¶ 6.

d. PAI has operated the Station from the time it purchased it in 2012 though the present, *see id*. at ¶ 7.

e. TMC has played no role in the operation of the Station from the sale in 2012 through the present, *see id*. at ¶ 8.

f. TMC has had no employees or agents working at the Station since 2012, *see id*. at ¶ 9.

g. TMC has had no employees or agents performing any maintenance, repairs, inspections or other work at the Station since 2012, *see id*. at ¶ 10.

h. TMC has had no operations at the Station since 2012, *see id*. at ¶ 11.

i. TMC never serviced the Subject Aircraft, *see id*. at ¶ 14.

j. TMC has no interest in or affiliation with Metro, *see id*. at ¶ 17.

k. TMC has no interest in or affiliation with PAI, *see id*. at ¶ 15.

l. TMC has no interest in or affiliation with Triple M, *see id*. at ¶ 19.

30. Plaintiffs make no allegations of any specific conduct by TMC. Indeed, Plaintiffs mention TMC by name in only two paragraphs of their Complaint, and those paragraphs allege only that TMC is a Pennsylvania corporation with principal place of business in Pennsylvania and that TMC was formerly known as Paradigm Aerospace Corporation. *See* Complaint ¶¶ 5-6.

31. Rather, Plaintiffs themselves allege that:

a. "METRO performed all maintenance on the helicopter," not TMC. Complaint ¶ 42.

b. "METRO operates as a certified repair facility," not TMC. Complaint ¶ 43.

c. "The Subject Aircraft was a spare helicopter provided by Defendant METRO [not TMC] for the Penn Star air medical program." Complaint ¶ 44.

d. "Metro [not TMC] performs aircraft maintenance at Wings Field Airport for its own fleet and potentially for the general public." Complaint ¶ 47.

e. "METRO [not TMC] manufactured its own parts for the Subject Aircraft" Complaint ¶ 40.

32. Plaintiffs also allege that "METRO [not TMC] performed extensive maintenance on the Subject Aircraft immediately preceding the crash, including working on the Subject Aircraft for the entire weekend prior to the crash," and they base their negligence claim on the allegation that defendants "fail[ed] to properly inspect and secure the Subject Aircraft cowling and connecting brackets during the extensive maintenance performed the weekend prior to the accident." Complaint ¶¶ 39, 56(a) (emphasis added).

33. TMC was not present at the Station "immediately preceding the crash" or during the "weekend prior to the crash" and, in fact, had not been present at the Station or performed

any maintenance there during the almost thirteen years before the incident. *See* Morrow Decl. at ¶¶ 12-13.

34. Moreover, PAI's records show that TMC never serviced the Subject Aircraft. The Station first serviced the Subject Aircraft in 2013, a year after TMC sold the Station to PAI and no longer had any involvement in the Station. *See* Morrow Decl. at ¶ 14.

35. Plaintiffs also expressly allege that the actions of Metro, not TMC, caused their claimed injuries. *See* Complaint ¶ 57 ("As a direct and proximate cause of Defendant METRO's negligence, the Subject Aircraft suffered catastrophic structural failure, causing Plaintiffs to suffer the injuries and losses described herein.").

36. Plaintiffs further allege that their product liability claim is based on the alleged conduct of Metro, not TMC. *See* Complaint ¶ 63 ("The parts manufactured by Defendant METRO were structurally inadequate to withstand the routine forces of the flight.").

37. Plaintiffs also appear to acknowledge that TMC sold that Station to PAI, as they allege: (a) Paradigm Aerospace Corporation operates the Station; (b) TMC was formerly known as Paradigm Aerospace Corporation; (c) Paradigm Aerospace Corporation currently is a fictitious name; and (d) PAI – not TMC – owns that fictitious name. *See* Complaint ¶¶ 6, 7, 8, 10.

38. Because there is no possibility that Plaintiffs will be able to establish a cause of action against TMC, Plaintiffs have "fraudulently joined" TMC in this action, and the Court must disregard its citizenship for purposes of its diversity jurisdiction analysis. *See Newman v. Forward Lands, Inc.*, 418 F. Supp. 134, 136 n.1 (E.D. Pa. 1976) (explaining that the term "fraudulent joinder" "is a term of art used to indicate that there is no possible basis for a cause of

action against the resident defendant; it in no way reflects on the integrity of plaintiff or her counsel").

Diversity Analysis

39. Plaintiffs are citizens of Pennsylvania.

40. Metro, PAI and Triple M are citizens of Louisiana.

41. The Court must disregard the citizenship of Paradigm Aerospace Corporation and PAC International because they are fictitious names.

42. The Court must disregard the citizenship of TMC under the fraudulent joinder doctrine.

43. Plaintiffs and the only properly joined defendants are of diverse citizenship.

**AMOUNT IN CONTROVERSY**

44. A notice of removal "may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice . . . permits recovery of damages in excess of the amount demanded; and . . . the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(A) and (B).

45. Here, Plaintiffs demand judgment "in excess of Fifty Thousand Dollars ($50,000)." Complaint, WHEREFORE clauses in Counts I, III and IV.

46. Plaintiff King alleges that, as a result of the incident at issue in this lawsuit, he sustained "significant physical, psychological, and economic damage," including, "chronic and debilitating back pain; severe aggravation of his pre-existing arthritis; umbilical hernia; severe sleep disturbances; post-Traumatic Stress Disorder; emotional distress, pre-impact fear; loss of

the capacity for the enjoyment of life; medical expenses; pain and suffering; and past and future loss of earnings." Complaint ¶ 48.

47. Plaintiff Gerald Lessard alleges that, as a result of the incident at issue in this lawsuit, he "has suffered and continues to suffer significant damages" including "severe sleep disturbances; post-Traumatic Stress Disorder; emotional distress, pre-impact fear; loss of the capacity for the enjoyment of life; mental anguish; pain and suffering; and past and future loss of earnings." Complaint ¶ 49.

48. Plaintiff Alison Lessard alleges that, as a result of the incident at issue in this lawsuit, she "has suffered and continues to suffer significant damages due to her husband's injuries" including "loss of consortium; loss of companionship; severe sleep disturbances; emotional distress, loss of the capacity for the enjoyment of life; mental anguish; pain and suffering; and past and future loss of earnings." Complaint ¶ 50.

49. Given the above allegations, the amount in controversy in this matter, on information and belief, exceeds $75,000. *See Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) (holding that the amount in controversy must be measured "by a reasonable reading of the value of the rights being litigated") (quoting *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993)), *overruled on other grounds by Earl v. NVR, Inc.*, 990 F.3d 310 (3d Cir. 2021).

**VENUE AND TIMELINESS**

50. The United States District Court for the Eastern District of Pennsylvania is the proper venue for removal of this action because it is the district in which the state court action is pending. *See* 28 U.S.C. § 1446(a).

51. Pursuant to 28 U.S.C. § 1446(b), a defendant may remove an action within thirty days after receipt of a copy of the complaint through service or otherwise.

52. Plaintiffs served their Complaint on Triple M on August 21, 2026.

53. Removing Defendants filed the instant Notice of Removal within thirty days after August 21, 2026.

**CONSENT**

54. The consent of TMC is not required because Plaintiffs have not properly served or joined TMC. *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.").

55. According to Plaintiffs' Return of Service, they served their Writ of Summons on TMC by having a sheriff hand a copy to Dayna Wahl. *See* Sheriff's Return of Service (attached as Exhibit 4).

56. Plaintiffs have not properly served TMC because Dayna Wahl is not one of the categories of persons upon whom service of original process on a corporation may be made. *See* Pennsylvania Rule of Civil Procedure 424 ("Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action: (1) an executive officer, partner or trustee of the corporation or similar entity, or (2) the manager, clerk or other person for the time being in

charge of any regular place of business or activity of the corporation or similar entity, or (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.”).

57. Indeed, Dayna Wahl was not at the time of purported service: (a) an executive officer, partner or trustee of TMC; (b) the manager, clerk or other person for the time being in charge of any regular place of business or activity of TMC; or (c) an agent authorized by TMC in writing to receive service of process for TMC. *See* Declaration of Dayna Cortazzo-Wahl at ¶ 3 (attached as Exhibit 5).

58. Because, as explained above, Plaintiffs' inclusion of TMC as a defendant constitutes a “fraudulent joinder,” Plaintiffs also have not properly joined TMC. *See PharmaCann Penn, LLC v. BV Dev. Superstition RR, LLC*, 297 F. Supp. 3d 537, 543 (E.D. Pa. 2018) (holding that “failure to consent to removal [by fraudulent joined defendants] does not represent a defect in the removal process”).

59. Although TMC's consent to removal is not required because Plaintiffs have not properly joined or served it, TMC nevertheless consents to the removal of this action. *See* Consent to Removal (attached as Exhibit 6).

Respectfully Submitted,

/s/ Stephen J. Shapiro

Stephen J. Shapiro (PA I.D. No. 83961)
Lee C. Schmeer (PA I.D. No. 318849)
VICTOR RANE GROUP, INC.
2005 Market Street, Suite 3120
Philadelphia, PA 19103-7286
sshapiro@victorrane.com; 267-297-2249
lschmeer@victorrane.com; 267-297-3237

*Attorneys for Defendants Metro Aviation, Inc., Paradigm Aviation, Inc., Paradigm Aerospace Corporation, PAC International, and Triple M Leasing, LLC*

Dated: September 10, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 10, 2026, the foregoing Notice of Removal was served on all counsel of record electronically via the Court's CM/ECF system.

/s/ Stephen J. Shapiro